### THE FORTUNA.

(District Court, W. D. Washington, N. D.    April 4, 1914.)

No. 2514.

MARITIME LIENS (§ 25*)—"SUPPLIES OR OTHER NECESSARIES"—ARTICLES FOR SLOP CHEST OF FISHING VESSEL.

Articles furnished on the order of the master and representative of the owner to supply the slop chest of a vessel, about to sail on a season's fishing trip of four or five months' duration, are "supplies or other necessaries," within the meaning of Act June 23, 1910, c. 373, § 1, 36 Stat. 604 (U. S. Comp. St. Supp. 1911, p. 1192), for which such section gives a lien on the vessel.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 20, 31–36; Dec. Dig. § 25.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Admiralty. Suit by the Dickson Bros. Company against the schooner Fortuna. Decree for libelant.

See, also, 206 Fed. 573.

Harry H. Johnston, of Tacoma, Wash., for libelant.
Willett & Oleson, of Seattle, Wash., for claimant.

NETERER, District Judge. Libelant seeks to establish a lien upon the schooner Fortuna, a fishing boat, for supplies sold to the master and secretary and manager of the owner for the "slop chest," which consist of oil hats, boots, pants, coats, aprons, gloves, and wool blankets, etc., amounting to $264, and tobacco, etc., amounting to $55.40; said supplies being furnished preparatory to going to the fishing grounds for the season's fishing in Alaska, to be absent about four or five months. All but $200 of the account has been paid.

It is contended by the respondent that the articles furnished were not necessary for the proper operation of the ship, and therefore not lienable. The only issue to be determined is whether the supplies furnished by libelant are a lien against the vessel. Act Cong. June 23, 1910, c. 373, 36 Stat. 604 (U. S. Comp. St. Supp. 1911, p. 1192), provides:

"Any person furnishing repairs, supplies, or other necessaries, including the use of dry docks or marine railway, to a vessel, whether foreign or domestic, upon the order of the owner or owners of such vessel, or of a person by him or them authorized, shall have a maritime lien on the vessel which may be enforced by a proceeding in rem, and it shall not be necessary to allege or prove that credit was given to the vessel."

The question then is: Were the goods furnished "supplies or other necessaries" under this act? The fostering care of the government for its seamen has ever been manifested on the part of the national Legislatures as well as the Legislatures of the various states, which have given expression upon the subject. The statutes of various states, in the absence of an act of Congress, have endeavored to extend and enlarge the right of lien, so as to include those whom the protecting arm of admiralty did not secure in furnishing supplies for the comfort and protection of seamen. Congress, by Act June 26, 1884, c. 121, § 11, 23 Stat. 56 (U. S. Comp. St. 1901, p. 3101) provides:

"That every vessel * * * shall also be provided with a slopchest, which shall contain a complement of clothing for the intended voyage for each seaman employed, including boots * * * hats * * * oiled clothing, and everything necessary for the wear of a seaman; also a full supply of tobacco and blankets * * * and if any such vessel is not provided, before sailing, as herein required, the owner shall be liable to a penalty of not more than $500."

While it is true that this burden was removed from vessels engaged in the fishing or whaling business by Act June 19, 1886, c. 421, § 13, 24 Stat. 82 (U. S. Comp. St. 1901, p. 3102), in which it is provided:

"That section 11 of 'An act to remove certain burdens on the American merchant marine and encourage the American foreign carrying trade, and for other purposes,' approved June 26, 1884, shall not be construed to apply to vessels engaged in the whaling or fishing business"

—this construction simply removed the compulsory requirement of the act, and instead of compelling the master to have at least $500

worth of clothing, tobacco, etc., in the slop chest, leaves the matter, so far as fishing and whaling schooners are concerned, to the master's discretion and the necessities of the case. The act of Congress referred to provides that such articles as are included in this libel are "necessaries" to be supplied to seamen; and when a fishing trip of four or five months' duration, which the Fortuna was about to undertake, is considered, it becomes apparent that the seamen needed to be provided with such care and protection as the circumstances demanded, and this court, as a court of admiralty, cannot say that the judgment of the master, who was also the secretary and manager of the owner, should not be conclusive upon the fact that the articles purchased by him for the trip were supplies that were necessary. He knew the extent of the voyage that was to take place, and the character of the work which the men would be called upon to do, and realized that without an extra supply the men would be inefficient for any service, and he would be without a complement of able seamen.

Judge Rose in The City of Milford (D. C.) 199 Fed. at page 958, says:

"The battle as to the liability of a ship for materials and services furnished it has been going on for centuries. Judge Lowell, in that wonderfully learned and exhaustive opinion of his in The Underwriter (D. C.) 119 Fed. 713, tells the story of the long struggle. He shows how the questions of substantive law and of policy involved had in the course of hundreds of years become confused and complicated, by being mixed up with differences as to rules of procedure and with disputes as to jurisdiction between the courts of admiralty and those of common law. * * * The general purpose of this enactment [law of 1910] is plain. Hereafter, when supplies are furnished for a ship to one lawfully having the management of the ship, the presumption is that the ship is liable for them. If the materialman knows nothing about the authority of the person in possession of the ship, except that he visibly has the management of it, he may furnish the supplies, and the ship will be bound for them."

I think the articles furnished were supplies that were necessary, and are a lien against the vessel under the act of June 23, 1910. This conclusion is amply supported by the following authorities: The Plymouth Rock, Fed. Cas. No. 11,237; Weaver v. The S. G. Owens, Fed. Cas. No. 17,310; The Ellen Holgate (D. C.) 30 Fed. 125; The Gustavia, Fed. Cas. No. 5,876; Bovard v. The Mayflower (D. C.) 39 Fed. 41.